EASTERN DIST.
*May,* 1839.

SMITH AND
WRIGHT
*vs.*
M'CALL ET AL.

---

SMITH & WRIGHT *vs.* M'CALL, ET. AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

Where cotton is shipped to factors with instructions to lay out the proceeds in groceries, and if the purchases should exceed the amount, other cotton

EASTERN DIST.
May, 1839.

SMITH AND
WRIGHT
vs.
M'CALL ET AL.

will be remitted by the first boat; they cannot hold the cotton in their possession subject to any balance on such purchases, against attaching creditors of the owner.

This is an action on a bill of exchange for one thousand two hundred and thirty-four dollars, drawn by C. D. M'Call & Co., of Montgomery in Alabama, to the order of the plaintiffs, on B. Boyken, of Mobile, and was protested for non-acceptance.

The plaintiffs attached nineteen bales of cotton as the property of the defendants, in the hands of Walker, Knight & Co., who bonded it, and filed their petition of intervention, claiming to have a privilege on the cotton over the attaching creditors, for advances (two thousand two hundred and fifty dollars,) made to Wm. H. M'Call, one of the defendants, "on the faith and credit of cotton shipped by him to them, and more particularly on the nineteen bales, which were shipped to their house in Mobile, and by it the cotton was shipped to the intervenors in New-Orleans." They allege that at the time the attachment was levied, the cotton was in their possession, and the bill of lading received for it. They pray that the attachment be dissolved and the cotton restored to them, with five hundred dollars in damages.

The plaintiffs resisted the demand of the intervenors on several grounds, and denied all their allegations.

The evidence showed that the cotton in question was sent by Wm. H. M'Call to Mobile, and shipped from thence to the intervenors in New-Orleans, accompanied by a letter, directing the proceeds of the cotton to be laid out in groceries, and sent to him at Montgomery, in Alabama, and if purchases exceeded the price of the cotton, he was to send other cotton by the first boat to meet the balance. This letter was dated the 25th November, 1837, and the bill of exchange sued on was drawn the 11th December, following.

The evidence also showed that Wm. H. M'Call was a partner of the firm of C. D. M'Call & Co., who drew the bill.

The plaintiffs had judgment for the amount of their demand, and that the cotton attached, or its proceeds, be

applied in payment, and dismissing the petition of interven-
tion. The intervenors appealed.

EASTERN DIST.

*May*, 1839.

SMITH AND
WRIGHT
*vs.*
M'CALL ET AL.

*Micou* and *Lockett*, for the plaintiffs, urged the affirmance
of the judgment; as the intervenors had entirely failed in
proving their alleged advances, and showed no privileged or
prior claim whatever to the cotton attached.

*Elmore* and *King*, for the appellants, insisted that the
judgment below is erroneous, being contrary to law and the
evidence, and should be reversed.

*Eustis, J.,* delivered the opinion of the court.

On the 22d of December, 1837, the plaintiffs attached
nineteen bales of cotton, as the property of one of the defend-
ants; they were delivered to the intervening parties on bond.
On the 3d of January, they filed their petition of intervention,
in which they allege, that William H. M'Call, one of the
defendants, is indebted to them in the sum of two thousand
two hundred and fifty dollars, for advances made by them on
cotton shipped by him, particularly upon the shipment of
nineteen bales, made by the said M'Call, to the house of B.
D. and J. B. Walker & Co., of Mobile, and by them
shipped to the house of Walker, Knight & Co., of this city:
both houses being composed of the same persons, the inter-
vening parties in this suit; that they have a privilege on the
cotton for their advances; that it was unlawfully attached in
this suit, as previous to the attachment the bill of lading had
been received by them, and the cotton was in their posses-
sion. They deny that the cotton ever was the property of
C. D. M'Call & Co.: they pray that the cotton be delivered
to them, and held subject to their privilege, and for damages
against the attaching creditors, and for general relief. On
the trial of the cause, the petition of intervention was dis-
missed, and the intervenors have appealed.

There is no evidence which shows that either the Mobile
or New-Orleans house of the intervenors, lawfully advanced,
or were authorized to advance, any money on the shipment
of cotton attached in this case. If they contracted any

Where cotton
is shipped to
factors with in-
structions to lay
out the proceeds
in groceries,
and if they
should exceed
the amount,
other cotton will
be remitted by
the first boat,
they cannot hold
the cotton in
their possession
subject to any
balance on such
purchases, a-
gainst attaching
creditors of the
owner.

EASTERN DIST. engagements for the owner of the cotton before it was sold,
*May*, 1839. they have shown no instructions to warrant them in such an
act. The letter of the owner, Wm. H. M'Call, orders them
to sell the cotton and lay out the *proceeds* in groceries : if they
should expend more than the proceeds, he promises to remit
them cotton by the first boat. It is evident that he did not
contemplate his factors making any advance to him.

It is, therefore, ordered, adjudged and decreed, that the ·
judgment of the court below be affirmed, with costs in both
courts.